OPINION
{¶ 1} On November 8, 2004, the Licking County Grand Jury indicted appellee, Jason Thompson, on two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a) and (A)(2), respectively, and one count of vehicle assault in violation of R.C. 2903.08(A). Said charges arose from a motor vehicle accident wherein appellee struck a vehicle being driven by Cory Pettet. Mr. Pettet died as a result of the accident.
 {¶ 2} On January 18, 2005, appellee filed a motion to suppress, seeking to suppress the results of his blood test taken in the hospital. A hearing was held on November 16, 2005. By judgment entry filed same date, the trial court denied the motion.
 {¶ 3} On April 17, 2006, appellee filed a motion to compel an independent blood test. By judgment entry filed April 20, 2006, the trial court denied the motion.
 {¶ 4} On April 26, 2006, appellee filed a motion to order release of blood sample for independent blood alcohol test. By entry filed same date, the trial court granted the motion.
 {¶ 5} On May 1, 2006, appellee filed a motion to dismiss based on the fact the blood sample had been destroyed. By judgment entry filed same date, the trial court found the blood sample was destroyed in bad faith and therefore prohibited appellant, the state of Ohio, from using the results of the blood test.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE TRIAL COURT ERRED IN FINDING THAT THE POLICE ACTED IN BAD FAITH IN DESTROYING THE DEFENDANT'S BLOOD SAMPLE."
 II {¶ 8} "THE TRIAL COURT ERRED IN FAILING TO HAVE AN EVIDENTIARY HEARING ON THE ISSUE OF WHETHER THE POLICE ACTED IN BAD FAITH."
 III {¶ 9} "THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION TO DISMISS BECAUSE APPELLEE WAIVED HIS RIGHT TO CONDUCT AN INDEPENDENT TEST."
 {¶ 10} Because of the nature of the assignments of error, we will address Assignment of Error II first because we find it to be dispositive of the appeal.
 II {¶ 11} Appellant claims the trial court erred in not conducting an evidentiary hearing on the issue of bad faith. We agree.
 {¶ 12} Crim. R. 12(F) states a trial court "may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means." The trial court entertained three oral hearings on the issue of the blood sample, April 20 and 28, 2006 and May 1, 2006. During the latter hearing at 4-6, defense counsel stated the following:
 {¶ 13} "I think that there would be agreement between the State and the prosecuting attorney that the blood sample was, in fact, destroyed. Your Honor, we would — we would be in agreement that while the blood sample would not necessarily be material exculpatory, that it is potentially useful to the defense, and in light of the analysis in Youngblood and Combs, as potentially useful evidence to demonstrate a due process violation, it's the burden of the defendant to demonstrate that that sample was destroyed in bad faith.
 {¶ 14} "Your Honor, in light of the analysis of the Fifth District Court of Appeals in the Combs case, I believe that it's clear that the Court should find that that sample was destroyed in bad faith. * * * Your Honor, in this case, the Court, in fact, did file, as the Court's aware, an entry directing that the sample be maintained in a refrigerated environment, Your Honor. As I've indicated on Friday, there was never any further order from this Court authorizing any other disposition of that sample other than that it be maintained in a refrigerated environment. As I've noted in the memorandum, under the Ohio Administrative Code, it is true that the laboratory has the authority after one year to discard samples unless otherwise directed in writing from a court, which is exactly what happened here. Therefore, under the administrative code, in fact, the State Highway Patrol laboratory had absolutely no discretion or authority to destroy that sample."
 {¶ 15} These statements imply there was no factual disagreement that the blood sample was destroyed by the Ohio State Highway Patrol after the trial court's order of November 21, 2005, and the Ohio Administrative Code permits destruction of a blood sample after one year. However, during the hearing, appellant specifically requested an evidentiary hearing:
 {¶ 16} "Even if the Court were to find that it would be potentially useful, the State would point out that a demonstration of bad faith would be necessary. We would ask again that should the Court deem it potentially useful, that a hearing be held on that. I think there are several things that would be required for testimony. We would proffer a witness that would testify that they were results — or that the blood was destroyed in accordance with the standardized test; that they had had it over a year and a half since that incident; that no request had been made to them; that the entry that's attached to the defendant's motion had not been received by them, and the State submits that all of those things were sufficiently different enough so that the Court would not find bad faith had been — occurred here." May 1, 2006 T. at 11-12.
 {¶ 17} The trial court did not respond to appellant's request and ruled the Ohio State Highway Patrol "blatantly disregarded" the trial court's preservation order. Although we concur with the trial court's analysis that the trial court specifically ordered the blood sample be maintained by the Ohio State Highway Patrol in a refrigerated environment, we nonetheless find appellant's request for an evidentiary hearing should have been granted. The matter is reversed and remanded to the trial court to conduct an evidentiary hearing on the sole issue of bad faith.
 {¶ 18} Assignment of Error II is granted.
 III {¶ 19} Appellant claims appellee waived his right to an independent test due to his own delay. We disagree.
 {¶ 20} During the April 20, 2006 hearing on appellee's request for an independent blood test, the trial court denied the motion to compel, finding "the motion is not timely filed," but stated appellee could "proceed and have an independent test." April 20, 2006 T. at 6.During said hearing at 4, appellee explained "[w]e were unsuccessful in obtaining a laboratory that would be willing to both conduct such a test and also to appear in court to give testimony as to the results."
 {¶ 21} We note appellee's request for an independent test was made five months after the trial court's November 21, 2005 preservation order. The matter had been continued at least once at appellant's request and therefore we conclude appellee did not waive his right to an independent test.
 {¶ 22} Assignment of Error III is denied.
 I {¶ 23} Given our ruling in Assignment of Error II, this assignment is moot.
 {¶ 24} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed.
By Farmer, J. Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.